UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CONTINENTAL WESTERN INSURANCE COMPANY ) ) ) | |
| Plaintiff, ) ) | Case No.: |
| v. ) ) | |
| CITY OF SULLIVAN, a Missouri Municipal Corporation, and CHRISTIE E. WEST, individually and on behalf of Decedent Alvin L. West, ) ) ) ) ) | |
| Defendants. ) | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

NOW COMES Plaintiff CONTINENTAL WESTERN INSURANCE COMPANY ("Continental Western") by and through the undersigned attorneys, and for its Complaint for Declaratory Judgment against Defendants CITY OF SULLIVAN, a Missouri Municipal Corporation and CHRISTIE E. WEST, individually and on behalf of Decedent Alvin L. West, states as follows:

**Nature of Action**

1. Plaintiff Continental Western is an insurance company and issued a series of consecutive insurance policies to Defendant City of Sullivan ("the City"). Continental Western brings this Complaint for Declaratory Judgment pursuant to 28 U.S.C. §§ 2201, *et seq*. and Rule 57 of the Federal Rules of Civil Procedure seeking a declaration with respect to its duty to defend and indemnify the City under four policies of insurance issued by Continental Western to the City for an underlying Petition and Jury Demand styled *Christie E. West, individually and on behalf of Decedent Alvin L. West v. City of Sullivan et al.*, cause number 20AB-CC00023, pending in the

Circuit Court for Franklin County, Missouri.  Continental Western seeks a declaration that no coverage is available under the subject Continental Western Policies and that Continental Western has no obligation to defend or indemnify the City in connection with the *West* lawsuit.

2. There exists an actual and justiciable controversy among the parties concerning their respective rights, duties, and obligations under and pursuant to the Continental Western Policies.  Continental Western contends that there is no obligation to defend or indemnify the City in connection with the claims asserted in the underlying *West* lawsuit based on the terms of the Continental Western Policies and applicable law.

3. Continental Western has no adequate remedy at law and, therefore, desires a judicial determination of its rights and duties in accordance with the Continental Western Policies.  A judicial declaration is necessary and appropriate at this time so that Continental Western may ascertain its rights and duties with respect to defense and indemnity under the Continental Western Policies for the underlying *West* lawsuit.

4. Jurisdiction over this matter is appropriate pursuant to 28 U.S.C. § 1332(a) as the matter in controversy exceeds the sum of $75,000 exclusive of interest and costs and is between citizens of different states.

5. Venue is appropriate in this district pursuant to 28. U.S.C. § 1391(a), in that the underlying *West* lawsuit is pending in this district and a substantial part of the events giving rise to this claim occurred in this district.

**The Parties**

6. Continental Western Insurance Company is an Iowa corporation engaged in the insurance business with its principal place of business in Urbandale, Iowa.

7. The City of Sullivan is a Missouri Municipal Corporation incorporated in the State of Missouri, with its principal place of business at 210 W. Washington, Sullivan, Missouri.

8. Christie E. West is a resident and citizen of Missouri, residing in St. Clair, Missouri. Christie E. West is joined as a defendant herein as a necessary party pursuant to Rule 19 of the Federal Rules of Civil Procedure and so that she may be bound by the judgment entered in this case. If Defendant executes a stipulation agreeing to be bound by any judgment entered herein, Continental Western will voluntarily dismiss Defendant from this action.

### The Underlying *West* lawsuit

9. On February 5, 2020, Christie E. West, individually and on behalf of Decedent Alvin L. West, filed a Petition and Demand for Jury Trial, case number 20AB-CC00023, in the Circuit Court for Franklin County, Missouri, against defendants TRW Automotive U.S./ZG Active Safety and Electronics US LLC ("TRW"), The Meramec Group, Inc. ("Meramec"), and the City of Sullivan (the "City") for the wrongful death of Alvin West (the "*West* lawsuit"). A copy of the *West* lawsuit is attached as **Exhibit A**.

10. The *West* lawsuit alleges that Alvin West worked in the Meramec Caverns in or around Sullivan, Missouri, as a tour guide and caretaker from 2006 to 2016.

11. According to the lawsuit, Mr. West was exposed to hazardous and toxic substances while working in and visiting the Meramec Caverns and as part of his daily life in Sullivan and Oak Grove.

12. Mr. West developed lung cancer and subsequently died on February 13, 2017, allegedly as a result of exposure to these toxic chemicals.

13. The *West* lawsuit alleges that the City owned and operated a landfill located in Sullivan, Missouri, and was responsible for the acceptance, storage, and disposal of hazardous

substances including Trichlorethylene (TCE), Perchloroethylene (PCE), associated breakdown products of TCE and PCE, and Freon Compounds, which migrated off the property and contaminated the surrounding area.

14. According to the lawsuit, the City stopped accepting waste at the landfill in 1983, and closed the landfill entirely in approximately 1992.

15. The *West* lawsuit alleges that Alvin West was exposed to TCE and other volatile organic compounds ("VOCs") via ingestion, inhalation, dermal and vapor intrusion while working in the Meramec Caverns and as part of his daily life in Sullivan and Oak Grove from approximately 2006 to 2016, and that his exposure to such contaminants caused or contributed to his development of lung cancer and subsequent death.

16. It is alleged that the City's storage, handling, and disposal of hazardous waste (including TCE and PCE) contaminated the groundwater, surface water, soil and environment in several areas in the City of Sullivan, Oak Grove Village, and the La Jolla Spring Complex (including the associated cave complex and Meramec Caverns).

17. Christie West alleges that the City was negligent and breached its duty to operate and maintain the landfill in a manner which protected, preserved and promoted the public health, safety, and welfare of others, in such a way to prevent the release or escape of hazardous waste into the environment.

18. The *West* lawsuit also alleges that the City knew or should have known that releases of hazardous waste, including TCE and other VOCS, into the groundwater, soil and environment could cause injuries to those exposed and intentionally and maliciously concealed or misrepresented these fact to the government, the public, and in court proceedings.

19. The *West* lawsuit seeks an award of actual damages sustained as a result of the injury to Plaintiff, and an award of punitive damages and/or damages for aggravating circumstances, together with interests and costs of the action.

## The Continental Western Policies

20. Continental Western issued a series of consecutive Public Entity insurance policies, policy numbers PEP 2798454-21, PEP 2798454-22, PEP 2798454-23, and PEP 2798454-24, to the City of Sullivan for the policy period commencing January 1, 2009, through January 1, 2013. Each of the policies provide limits of $2,000,000 per "Occurrence" and $4,000,000 in the aggregate, respectively.

21. The policies include identical coverage forms and many of the same endorsements and, therefore, for ease of reference will be referred to as the "Continental Western Policies" unless otherwise specified. The Continental Western Policies are attached hereto as **Exhibits B** through **E**, respectively.

22. The Continental Western Policies provide coverage under multiple coverage parts or endorsements, including Commercial General Liability Coverage, Business Auto Coverage, and Public Officials Liability Coverage. The only potentially applicable coverage for the Lawsuit is Coverage A (Bodily Injury and Property Damage Liability) of the Commercial General Liability Coverage part.

23. Section I, COVERAGES, Coverage A (Bodily Injury and Property Damage Liability) of the Continental Western Policies provides in relevant part as follows:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

* * *

**SECTION I- COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

**a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. […]

\* \* \*

**b.** This insurance applies to "bodily injury" and "property damage" only if:

**(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

**(2)** The "bodily injury" or "property damage" occurs during the policy period; and

**(3)** Prior to the policy period, no insured listed under Paragraph **1.** Of Section **II** – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change, or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

\* \* \*

**d.** "Bodily injury'" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph **1.** of Section **II** – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

**(1)** Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

**(2)** Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

    **(3)**    Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

* * *

24. The policies define "bodily injury" as follows:

    "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at anytime.

25. The term "occurrence" is defined as:

    "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

26. The Continental Western Policies include an exclusion 2.f (Pollution) that provides, in relevant part, the following:

    This insurance does not apply to:

    **f.  Pollution**

    **(1)** "Bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants";

        **(a)**    At or from any premises, site or location which is or was at any time owned or occupied by, or rented or loaned to, any insured. However, this subparagraph does not apply to:

            **(i)**    "Bodily injury" if sustained within a building and caused by smoke, fumes, vapor or soot produced by or originating from equipment that is used to heat, cool or dehumidify the building, or equipment that is used to heat water for personal use, by the building's occupants or their guests;

            **(ii)**    "Bodily injury" or "property damage" for which you may be held liable, if you are a contractor and the owner or lessee of such premises, site or location has been added to your policy as an additional insured with respect to your ongoing operations performed for that additional insured at that premises, site or location and such premises, site or location is not and never was owned or occupied by, or rented or loaned to, any insured, other than that additional insured; or

       **(iii)** "Bodily injury" or "property damage" arising out of heat, smoke or fumes from a "hostile fire."

**(b)** At or from any premises, site or location which is or was at any time used by or for any insured or others for the handling, storage, disposal, processing or treatment of waste;

**(c)** Which are or were at any time transported, handled, stored, treated, disposed of, or processed as waste by or for:

(i) Any insured; or
(ii) Any person or organization for whom you may be legally responsible; or

**(d)** At or from any premises, site or location on which any insured or any contractors or subcontractors working directly or indirectly on any insured's behalf are performing operations if the "pollutants" are brought on or to the premises, site or location in connection with such operations by such insured, contractor or subcontractor. […]

\* \* \*

**(e)** At or from any premises, site or location on which any insured or any contractors or subcontractors working directly or indirectly on any insured's behalf are performing operations if the operations are to test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of, "pollutants."

\* \* \*

27. The Continental Western Policies define the term "pollutant" as follows:

"Pollutant" means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

28. Additionally, the policies also include a "Missouri Changes - Pollution Exclusion" Endorsement adding to exclusion 2.f. that the Pollution Exclusion applies even if such irritant or contaminant has a function in your business, operations, premises, site or location.

29. The Continental Western Policies also include an exclusion 2.a (Expected Or Intended Injury), which provides that this insurance does not apply to:

**a.    Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured.  This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

**COUNT I – DECLARATORY JUDGMENT**

30. Continental Western incorporates and re-alleges the preceding paragraphs 1-29 as if fully restated and set forth herein as paragraph 30.

31. The City owned and operated premises located in Sullivan, Missouri, as a landfill until from approximately 1970 until at least 1992.

32. The City stopped accepting waste at the landfill in 1983, and closed the landfill operations entirely in approximately 1992.

33. The City still owns the landfill premises.

34. During its ownership and operation of the landfill, the City used the landfill premises for the handling, storage, disposal, processing and/or treatment of waste.

35. During its ownership and operation of the landfill, the City accepted, stored, handled, processed, and/or disposed of hazardous substances and chemicals, including TCE, PCE, associated breakdown products of TCE and PCE, and Freon compounds.

36. TCE, PCE, associated breakdown products of TCE and PCE, and Freon compounds are "pollutants" when released into the environment.

37. The *West* lawsuit alleges that the City's negligent handling, storage, and treatment of "pollutants" and waste lead to the release, migration, dispersal, seepage, and/or escape of TCE, PCE, associated breakdown products, and Freon compounds from the landfill property into the

surrounding environment and eventually into the groundwater, soil, and air of the Meramac Caverns where Alvin West was exposed.

38. Plaintiff does not owe a duty to defend or indemnify City in the underlying *West* lawsuit under the Continental Western Policies for the following reasons:

   A. The underlying *West* lawsuit fails to allege an "occurrence" as defined by the policies, and therefore, fails to satisfy the Insuring Agreement, Coverage A, of the Continental Western Policies;

   B. The underlying *West* lawsuit fails to allege "bodily injury" that occurred during the policy period of the Continental Western Policies, and therefore, fails to satisfy the Insuring Agreement, Coverage A, of the Continental Western Policies;

   C. Prior to the policy period(s) of the Continental Western Policies, respectively, the City knew "bodily injury" had occurred, in whole or in part, or that "bodily injury" was reasonably foreseeable as a result of its ownership and operation of the landfill, and therefore, the *West* lawsuit fails to satisfy the Insuring Agreement, Coverage A, of the Continental Western Policies;

   D. Coverage for the *West* lawsuit is barred by the "known loss" or "loss in progress" doctrines;

   E. Exclusion 2.a (Expected Or Intended Injury) bars coverage;

   F. Exclusion 2.f (Pollution) bars coverage;

**Relief Requested**

**WHEREFORE**, Plaintiff CONTINENTAL WESTERN INSURANCE COMPANY prays that this Honorable Court declare and adjudicate the rights and liabilities of the parties regarding the Continental Western Policies, together with the following relief:

   a. That this Court find and declare that Continental Western has no duty to defend the City of Sullivan in connection with the underlying *West* lawsuit;

    b.  That this Court find and declare that Continental Western has no duty to indemnify the City of Sullivan in connection with the underlying *West* lawsuit;

    c.  That this Court grant such other and further relief as it deems just and equitable.

Dated: July 15, 2020                                                Respectfully submitted,

HESSE MARTONE, P.C.

*/s/ Josephine P. Abshier*

Josephine Abshier, #56708
530 Maryville Center Drive
Suite 250
St. Louis, MO 63141
P: (314) 862-0300
F: (314) 862-7010
JosephineAbshier@hessemartone.com

Dana A. Rice (to be admitted Pro Hac Vice)
Jason Taylor (to be admitted Pro Hac Vice)
Traub Lieberman Straus & Shrewsberry LLP
303 West Madison Street
Suite 1200
Chicago, IL  60606
P:  (312) 332-3900
drice@tlsslaw.com

ATTORNEYS FOR CONTINENTAL WESTERN INSURANCE COMPANY