**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| CONTINENTAL WESTERN | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    Case No.  4:20-CV-00923-NCC |
| | ) |
| CITY OF SULLIVAN, | ) |
| and CHRISTIE E. WEST, | ) |
| | ) |
| Defendants. | ) |

## <u>MEMORANDUM AND ORDER</u>

This matter is before the Court on Defendant City of Sullivan's Request for Additional Time to Respond to Continental Western's Motion for Judgment on the Pleadings (Doc. 34) and Defendant Christie E. West's Objection to Plaintiff's Improper, Additional Request for Relief, and Motion and Request for Additional Time to Respond to Continental Western's Motion for Judgment on the Pleadings (Doc. 35).  The Motions are fully briefed and ready for disposition. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(c) (Doc. 14).  For the following reasons, Defendant City of Sullivan's Motion will be **GRANTED,** and Defendant Christie E. West's Request will be **DENIED**.

Plaintiff Continental Western Insurance Company ("Continental Western") filed this action for declaratory judgment pursuant to 28 U.S.C. §§ 2201, *et seq.* against Defendants City of Sullivan ("the City") and Christie E. West ("West") (collectively, "Defendants") on July 15, 2020 (Doc. 1).  Continental Western seeks a declaration with respect to its duty to defend and indemnify the City under four policies of insurance issued by Continental Western to the City ("the Policies") for an underlying Petition and Jury Demand styled *Christie E. West, individually*

*and on behalf of Decedent Alvin L. West v. City of Sullivan et al.*, Case No. 20AB-CC00023,

pending in the Circuit Court for Franklin County, Missouri (the "*West* lawsuit").  In the lawsuit,

filed on February 5, 2020, West alleges that decedent Alvin L. West worked in the Meramec

Caverns as a tour guide and caretaker from 2006 to 2016.  During his employment, Mr. West

was exposed to hazardous and toxic substances and developed lung cancer and died on February

13, 2017, as a result of his exposure.  The lawsuit further asserts that the City operated a landfill

from 1983 to approximately 1992 and was responsible for the disposal of hazardous substances

which migrated off the property and contaminated the surrounding area.  In the sole count of its

complaint, Continental Western seeks a declaration that no coverage is available under the

subject Policies and that Continental Western has no obligation to defend or indemnify the City

in connection with the *West* lawsuit.  Continental Western alleges that it does not owe the City a

duty to defend or indemnify it in the underlying *West* lawsuit because: (1) the underlying lawsuit

fails to allege an "occurrence" as defined by the Policies; (2) the underlying lawsuit fails to

allege any "bodily injury" that occurred during the policy period of the Policies; (3) prior to the

policy period, the City knew "bodily injury" had occurred or that it was reasonably foreseeable

as a result of its ownership and operation of the landfill such that the lawsuit fails to satisfy the

Insuring Agreement; (4) the exclusion regarding expected or intended injury bars coverage; and

(5) the exclusion regarding pollution bars coverage.

On March 19, 2021, Continental Western filed a Motion for Judgment on the Pleadings

requesting the Court enter a judgment on the pleadings on Count I of the Complaint for

Declaratory Judgment declaring that Exclusion 2.f (Pollution) of the Continental Western

Policies precludes coverage for the *West* Lawsuit and that Continental Western has no duty to

defend or indemnify the City of Sullivan in connection with the *West* Lawsuit (Doc. 27 at 3).

Continental Western notes it raises several alternative claims in its Complaint for Declaratory

Judgment and does not waive but specifically reserves the right to pursue these alternative claims in the event the Motion for Judgment on the Pleadings is unsuccessful (*Id.* at 5 n.1).

Defendants did not timely respond to the Motion for Judgment on the Pleadings.  The Court therefore entered a show cause order granting Defendants additional time to file a response and warning them that failure to do so would result in the Court ruling on the unopposed motion (Doc. 30).  On April 15, 2021, the City filed a response to the Motion indicating that it consents to Plaintiff's Motion for Judgment on the Pleadings on Count I Only (Doc. 31).  The City further states that it "reserves its right to address the coverage issues on the remaining Counts in Plaintiff's Complaint and the underlying lawsuit" (*Id.*).  West did not respond to the Motion for Judgment on the Pleadings within the additional time afforded to her under the Court's Show Cause Order (*See* Doc. 30).  Relevant to the current Motions, as noted by Continental Western, West is joined as a defendant as a necessary party pursuant to Federal Rule of Civil Procedure 19 to ensure that she be bound by the judgment entered in this action (Doc. 1 at 3).  The Court subsequently entered an order simplifying the reply deadline, affording, but not requiring, Plaintiff an opportunity to file a reply brief (Doc. 32).  Plaintiff timely filed a reply to the Motion clarifying that resolution of the Motion for Judgment on the Pleadings in its favor would resolve this action (Doc. 33).

Defendants quickly responded to the reply brief indicating an apparent misunderstanding regarding the scope of Plaintiff's Motion (Docs. 34, 35).  Counsel for the City indicates that he received the consent from his client as to Count I only and, to the extent the Court finds that the Motion is applicable to "all Counts," counsel requests additional time to address all of the other Counts (Doc. 34).  Similarly, West request the Court "strike or disregard the portion of Plaintiff's reply wherein it seeks an unfair, broader relief than the terms of its own motion first made clear" or, alternatively, additional time to address "all of the other Counts and why there is coverage on

3

those Counts" (Doc. 35).  Defendants seemingly believed the Motion to apply as to only Count I

of the underlying *West* lawsuit and not to the single count of Plaintiff's Complaint (*See* Docs. 1,

34, 35).

"[D]istrict courts have the inherent authority to manage their dockets and courtrooms

with a view toward the efficient and expedient resolution of cases."  *Dietz v. Bouldin*, 136 S. Ct.

1885, 1892 (2016).  It has been "long recognized that a district court possesses inherent powers

that are 'governed not by rule or statute but by control necessarily vested in courts to manage

their own affairs so as to achieve the orderly and expeditious disposition of cases.'"  *Id.* (quoting

*Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962)).  While the Court found Plaintiff's Motion

to be clear as to its requested relief, an understandable mistake in interpretation such as the one

made by Defendants in this case should not result in judgment against a party.  The interests of

justice are best served by affording Defendants an opportunity to respond to the Motion for

Judgment on the Pleadings.  However, even after the Court granted Defendants additional time to

respond to Plaintiff's Motion, West did not do so.  Therefore, the Court will grant only

Defendant the City an opportunity to respond to the Motion for Judgment on the Pleadings and

deem its answer and response to be timely filed.  The Court will not permit West to respond.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant City of Sullivan's Request for Additional

Time to Respond to Continental Western's Motion for Judgment on the Pleadings (Doc. 34) is

**GRANTED** and Defendant Christie E. West's Objection to Plaintiff's Improper, Additional

Request for Relief, and Motion and Request for Additional Time to Respond to Continental

Western's Motion for Judgment on the Pleadings (Doc. 35) is **DENIED**.  The City's Answer to

the Motion for Judgment on the Pleadings (Doc. 39) and the City's Suggestions in Opposition to

Continental Western Insurance Company's Motion for Judgment on the Pleadings (Doc. 40) will

be deemed timely filed.

**IT IS FURTHER ORDERED** that, in light of this ruling, Defendant City of Sullivan's

Request to File its Answer and Memo in Support to Continental Western Company's Motion for

Judgment on the Pleadings Today (Doc. 38) is **DENIED, without prejudice, as moot**.

**IT IS FURTHER ORDERED** that Plaintiff Continental Western Company's Request

for Additional Time (Doc. 41) is **GRANTED**.  Plaintiff shall file a reply to the City's response

within ten (10) days of the date of this Order.

Dated this 28th day of May, 2021.

            /s/ Noelle C. Collins
            NOELLE C. COLLINS
            UNITED STATES MAGISTRATE JUDGE