UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CONTINENTAL WESTERN<br>INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SULLIVAN,<br>and CHRISTIE E. WEST,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>) Case No. 4:20-CV-00923-NCC<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Continental Western Insurance Company's Motion for Judgment on the Pleadings (Doc. 27). The Motion is fully briefed and ready for disposition. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(c) (Doc. 14). For the following reasons, Plaintiff's Motion will be **GRANTED**.

### I. Background

Plaintiff Continental Western Insurance Company ("Continental Western") filed this action for declaratory judgment pursuant to 28 U.S.C. §§ 2201, *et seq.* against Defendants City of Sullivan ("the City") and Christie E. West ("West") (collectively, "Defendants") on July 15, 2020 (Doc. 1). Continental Western seeks a declaration with respect to its duty to defend and indemnify the City under four policies of insurance issued by Continental Western to the City ("the Policies") for an underlying Petition and Jury Demand styled *Christie E. West, individually and on behalf of Decedent Alvin L. West v. City of Sullivan et al.*, Case No. 20AB-CC00023, pending in the Circuit Court for Franklin County, Missouri (the "*West* Lawsuit"). In the lawsuit, filed on February 5, 2020, West alleges that decedent Alvin L. West ("Mr. West") worked in the

Meramec Caverns as a tour guide and caretaker from 2006 to 2016.  During his employment, Mr. West was exposed to hazardous and toxic substances[1] and developed lung cancer and died on February 13, 2017, as a result of his exposure.  The lawsuit further asserts that the City operated a landfill from 1983 to approximately 1992 and was responsible for the disposal of these hazardous substances which migrated off the property and contaminated the surrounding area. West accordingly raises four claims against the City in her Petition:

> **Count 1**: Strict liability for the City's operation of a hazardous waste site which accepted industrial waste and its storage, and disposal of large quantities of hazardous materials which constituted an abnormally dangerous activity.
>
> **Count 2**: Negligence for the City's breach of its duty in the acceptance, storage, and disposal of hazardous chemicals for which, as a direct and proximate cause, West and decedent were injured and suffered damages.
>
> **Count 3**: Negligence *per se* for the City's breach of their duty when they violated various provisions of both federal and state law when it allowed TCE and other VOCs to migrate into Sullivan, Oak Grove Village, and the La Jolla Spring.
>
> **Count 5**:[2] Fraudulent Concealment/Misrepresentation for the City's intentional and malicious concealment of the nature and extent of the contamination and associated health risks.

West also seeks punitive damages (asserted as Count 7), loss of consortium (Count 8), and damages pursuant to Missouri's wrongful death statute, Missouri Revised Statute § 537.080.

In the sole count of its complaint, Continental Western seeks a declaration that no coverage is available under the subject Policies and that Continental Western has no obligation to defend or indemnify the City in connection with the *West* Lawsuit.  Continental Western alleges that it does not owe the City a duty to defend or indemnify it in the underlying *West* Lawsuit because: (1) the underlying lawsuit fails to allege an "occurrence" as defined by the Policies;

---

[1] Tricholoroethylene (TCE), Perchloroethylen (PCE), associated breakdown products of TCE and PCE, and Freon Compounds.  TCE and PCE are volatile organic compounds (VOC).

[2] The Petition does not contain a Count 4 or Count 6.

2

(2) the underlying lawsuit fails to allege any "bodily injury" that occurred during the policy period of the Policies; (3) prior to the policy period, the City knew "bodily injury" had occurred or that it was reasonably foreseeable as a result of its ownership and operation of the landfill such that the lawsuit fails to satisfy the Insuring Agreement; (4) the exclusion regarding expected or intended injury bars coverage; and (5) the exclusion regarding pollution bars coverage.

In the current Motion, Continental Western requests the Court enter a Judgment on the Pleadings on Count I of the Complaint for Declaratory Judgment declaring that Exclusion 2.f (Pollution) of the Continental Western Policies precludes coverage for the *West* Lawsuit and that Continental Western has no duty to defend or indemnify the City of Sullivan in connection with the *West* Lawsuit (Doc. 27 at 3). Continental Western notes it raises several alternative claims in its Complaint for Declaratory Judgment and does not waive but specifically reserves the right to pursue these alternative claims in the event the Motion for Judgment on the Pleadings is unsuccessful (*Id.* at 5 n.1).

Each of the four Continental Western Policies include identical coverage forms and many of the same endorsements (*See* Docs. 1-2 to 1-5).[3] The Policies generally provide coverage for damages because of "bodily injury" caused by an "occurrence," where the injury or damage takes place during the policy period (Doc. 1-2 at 47). An "occurrence" is "an accident, including continuous or repeated exposure to substantially the same general harmful conditions" (*Id.* at 60). An "insured" includes "an organization," "its executive officers and directors … but only with respect to their duties as your officers or directors," and "employees . . . but only for acts within the scope their employment by you or while performing duties related to the conduct of your business" (*Id.* at 54-55). The insured's "product" means any goods or products handled,

---

[3] For clarity, and in line with the parties' practice, the Court will refer to the provisions in the 2009-2010 Policy found at Doc. 1-2.

distributed or disposed of by the insured organization and includes "the providing of or failure to provide warnings or instructions" (*Id.* at 61).  The insured organization's "work" means work or operations performed by the insured organization or on its behalf and includes "the providing of or failure to provide warnings or instructions" (*Id.*).

The Policies all include **Exclusion 2.f (Pollution)** that provides, in relevant part:

This insurance does not apply to:

>   **f. Pollution**
>
>   **(1)** "Bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":
>
>   >   **(a)** At or from any premises, site or location which is or was at any time owned or occupied by, or rented or loaned to, any insured. […]
>   >   \* \* \*
>   >   **(b)** At or from any premises, site or location which is or was at any time used by or for any insured or others for the handling, storage, disposal, processing or treatment of waste;
>   >
>   >   **(c)** Which are or were at any time transported, handled, stored, treated, disposed of, or processed as waste by or for:
>   >   >   **(i)**  Any insured; or
>   >   >   **(ii)**  Any person or organization for whom you may be legally responsible[.]
>   >   \* \* \*

(*Id.* at 48).  The Policies define the term "pollutant" as "any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed" (*Id.* at 60).  The Policies also include an Endorsement entitled "Missouri Changes – Pollution Exclusion" adding to Exclusion 2.f that the pollution exclusion "applies even if such irritant or contaminant has a function in your business, operations, premises, site or location" (the "Endorsement") (*Id.* at 63).

After being directed to do so, the City filed a response to the Motion stating that it consented to Plaintiff's Motion for Judgment on the Pleadings on Count I Only (Doc. 31).  In

4

their filing, the City indicated that it "reserves its right to address the coverage issues on the remaining Counts in Plaintiff's Complaint and the underlying lawsuit" (*Id.*).  West had not responded and the time to do so under the Court's Show Cause Order had elapsed (*See* Doc. 30).  Relevant to the current Motion, as noted by Continental Western, West is joined as a defendant as a necessary party pursuant to Federal Rule of Civil Procedure 19 to ensure that she be bound by the judgment entered in this action (Doc. 1 at 3).  The Court clarified the reply deadline, affording, but not requiring, Continental Western an opportunity to file a reply brief (Doc. 32).  Continental Western timely filed a reply to the Motion clarifying that resolution in its favor would resolve this action (Doc. 33).

      Both Defendants quickly responded to the reply brief indicating an apparent misunderstanding regarding the scope of Plaintiff's Motion (Docs. 34, 35).  Counsel for the City indicated that he received the consent from his client as to Count I only and, to the extent the Court finds that the Motion is applicable to "all Counts," counsel requested additional time to address all of the other Counts (Doc. 34).  Similarly, West requested the Court "strike or disregard the portion of Plaintiff's reply wherein it seeks an unfair, broader relief than the terms of its own motion first made clear" or, alternatively, additional time to address "all of the other Counts and why there is coverage on those Counts" (Doc. 35).  Defendants seemingly believed the Motion to apply as to only Count I of the underlying *West* Lawsuit (*See* Docs. 34, 35).

      The Court denied West's Improper, Additional Request for Relief, and Motion and Request for Additional Time to Respond to Continental Western's Motion for Judgment on the Pleadings and granted the City's Request for Additional Time to Respond to Continental Western's Motion for Judgment on the Pleadings (Doc. 42).  Thus, the Court found the City's Answer to the Motion for Judgment on the Pleadings (Doc. 39) and the City's Suggestions in Opposition to Continental Western Insurance Company's Motion for Judgment on the Pleadings

5

(Doc. 40) to be timely filed.  The Court also granted Continental Western's Request for Additional Time and gave it ten days to reply to the City's response (Doc. 42).  On June 7, 2021, Continental Western filed its reply (Doc. 43).

## II. Analysis

"Judgment on the pleadings is appropriate where no material issue of fact remains to be resolved and the movant is entitled to judgment as a matter of law." *Lansing v. Wells Fargo Bank, N.A.,* 894 F.3d 967, 971 (8th Cir. 2018) (citation omitted).  Ultimately, a motion for judgment on the pleadings is governed by the same standard as a motion to dismiss under Fed. R. Civ. P. 12(b)(6).  *See Clemons v. Crawford*, 585 F.3d 1119, 1124 (8th Cir. 2009).  In deciding a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c), the Court "accept[s] all facts pled by the nonmoving party as true and draw[s] all reasonable inferences from the facts in favor of the nonmovant." *Waldron v. Boeing Co.*, 388 F.3d 591, 593 (8th Cir. 2004) (citations omitted).  Although the factual allegations need not be detailed, they must be sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).  The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570.

Continental Western argues that Exclusion 2.f (Pollution) of the Continental Western Policies precludes coverage for the *West* Lawsuit and that Continental Western has no duty to defend or indemnify the City of Sullivan in connection with the *West* Lawsuit.  "State law governs the interpretation of insurance policies." *Nat'l Union Fire Ins. Co. of Pittsburgh v. Terra Indus., Inc.*, 346 F.3d 1160, 1164 (8th Cir. 2003) (quoting *Capitol Indem. Corp. v. Haverfield*, 218 F.3d 872, 875 (8th Cir. 2000)).  Under Missouri Law,[4] "[t]he insurer's duty to defend, though broader than its duty to indemnify, arises only when 'there is a potential or

6

possible liability to pay based on the facts at the outset of the case.'" *Allen v. Cont'l Western Ins. Co.*, 436 S.W.3d 548, 552 (Mo. 2014) (quotation omitted). "In determining whether an insurer has a duty to defend, the Court first compares the policy language with the allegations in the petition from the underlying lawsuit." *Id.* "If there is no potential for coverage based on those facts, then the insurer has no duty to defend." *Id.* at 553. "Where an insurer seeks to avoid coverage under a policy exclusion, it has the burden of proving the applicability of the exclusion." *Heringer v. Am. Fam. Mut. Ins. Co.*, 140 S.W.3d 100, 103 (Mo. Ct. App. 2004).

The City counters that judgment on the pleadings in favor of Continental Western is not proper as the *West* Lawsuit includes numerous allegations against the City for its alleged negligence in the operation of the Landfill and the Policies are ambiguous as to whether the Pollution Exclusion applies to the City's alleged negligence. In support of its argument, the City cites to *Hocker Oil Co. v. Barker-Phillips-Jackson, Inc.*, 997 S.W.2d 510 (Mo. Ct. App. 1999). In *Hocker Oil*, the Missouri Court of Appeals found a pollution exclusion did not preclude coverage for property damage caused when a drain plug on a gasoline tank at one of the plaintiff's service stations failed, causing approximately 2,000 gallons of gasoline to be released into the ground, from which it migrated onto land owned by a couple who then sued the plaintiff. After settling with the couple, the plaintiff sought indemnification from its insurer. The insurer denied coverage on the grounds of the applicable policy's pollution exclusion provision. The plaintiffs appealed, arguing that gasoline was its product and not a pollutant. *Id.* at 513. Noting that gasoline had not been identified with particularity as a pollutant in the insurance policy, the appellate court concluded that the plaintiffs "could have reasonably concluded that gasoline was not deemed a pollutant for purposes of the exclusion since it was not specifically identified as such." *Id.* at 518. Moreover, "it would be an oddity for an insurance company to sell a liability

---

[4] Neither party disputes that Missouri law applies (*See* Doc. 28 at 7; Doc. 40 at 8).

policy to a gas station that would specifically exclude that insured's major source of liability." *Id.*

The Court finds that the Policies unambiguously exclude coverage for the claims in the *West* Lawsuit.  As a preliminary matter, the City concedes that the hazardous materials involved, TCE, PCE, associated breakdown products of TCE and PCE, and Freon Compounds, are pollutants by consenting to Plaintiff's Motion for Judgment on the Pleadings at to Count I (Doc. 31).  Regardless, *Hocker Oil* is inapplicable because while the materials were delivered to and disposed of in the City's Landfill as a part of its regular business, the Endorsement unambiguously covers contaminants that have a function in the business.  Further, the Pollution Exclusion does not apply to a specific kind of claim, *i.e.* negligence versus strict liability, as the City suggests, but rather to "bodily injury" arising out of the actual or alleged transmission of the "pollutants" (Doc. 1-2 at 48).  Each count of the underlying *West* Lawsuit seeks damages for Mr. West's alleged injuries resulting from his exposure to these pollutants (*See* Doc. 1-1).  Thus, as Mr. West's injuries allegedly arose out of the transmission of pollutants, the Pollution Exclusion bars coverage.  To find otherwise would be to invite ambiguity into the Policies were there is none.  *Rodriguez v. Gen. Accident Ins. Co. of Am.*, 808 S.W.2d 379, 382 (Mo. 1991) (Courts may not "create an ambiguity in order to distort the language of an unambiguous policy, or, in order to enforce a particular construction which it might feel is more appropriate.").  *See also United Fire & Cas. Co. v. Titan Contractors Serv.*, Inc., 751 F.3d 880, 886 (8th Cir. 2014) (finding a nearly identical pollution exclusion unambiguous).

### III. Conclusion

**IT IS HEREBY ORDERED** that Plaintiff Continental Western Insurance Company's Motion for Judgment on the Pleadings (Doc. 27) is **GRANTED**.

A separate Judgment will accompany this Memorandum and Order.

Dated this 30th day of August, 2021.

       /s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE